IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHRISTOPHER BRIAN CROSBY,<br><br>Plaintiff,<br><br>vs.<br><br>YELLOWSTONE COUNTY ATTORNEY'S OFFICE, ARIELLE DEAN, JOSEPH ZAVATSKY, MANDI GOULD, and MEAGHAN BAILEY,<br><br>Defendants. | Cause No. CV 24-95-BLG-DLC<br><br>ORDER |

On July 22, 2024, Plaintiff Christopher Brian Crosby filed a 42 U.S.C. § 1983 Complaint. (Doc. 2.) The Complaint as drafted fails to state a claim. This action is not proper for federal intervention. The Complaint is dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

Crosby is a pretrial detainee held in Yellowstone County Detention Facility. He names the Yellowstone County Attorney's Office and one of its attorneys, Arielle Dean, as defendants, as well as public defenders Joseph Zavatsky, Mandi Gould, and Sarah Hyde. (Doc. 2 at 2 - 3.)

### B. Allegations

1

Crosby's allegations stem from his arrest during a sting operation in Billings, Montana. He claims he was "incited, induced" to answer a posting from a supposed underage prostitute. (Doc. 2 at 5, 7.) Crosby claims he is mentally deficient and intellectually disabled, and that Yellowstone County failed to have procedural safeguards to prevent a person such as him from being entrapped. (Doc. 2 at 6.)

Crosby specifically alleges that County Attorney Arielle Dean has brought "fictional" charges against him. (Doc. 2 at 6.)

Crosby alleges that his defense counsel, Meaghan Bailey, knew he did not have the capacity to assist in his defense, knew he did not engage in the fictional criminal conduct, and deprived Crosby of his Sixth Amendment right to counsel. (Doc. 2 at 6.) Crosby alleges that Bailey has a mental health report about him but refuses to share it. (Doc. 2 at 8.)

Crosby alleges that Defendants Zavatsky and Gould refused to replace Bailey, who was not representing Crosby in the way he wanted. (Doc. 2 at 6.)

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Crosby is a pretrial detainee proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or

"amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### A. Individual Defendants

Prosecuting attorneys who act within the scope of their duties are absolutely

immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986). This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430–31. However, there may be other functions performed by a prosecutor that would fall outside of this role, and in some circumstances, a prosecutor will not be protected by immunity. *Kalina v. Fletcher*, 522 U.S. 118 (1997) (acting as a witness is not a prosecutorial function).

The allegations regarding Defendant Dean are all aspects that are clearly within her role as a prosecutor. Crosby has pled nothing that would fall outside the scope of activities for which she would be immune. Plaintiff's Complaint fails to state a claim for relief.

Similarly, Defendants Bailey cannot be sued under § 1983 because her actions as Crosby's attorney cannot be considered to be "state action." "[I]t is the function of the public defender to enter "not guilty" pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make

closing arguments in behalf of defendants. All of these are adversarial functions. We find it peculiarly difficult to detect any color of state law in such activities." *Polk Cnty. v. Dodson*, 454 U.S. 312, 320 (1981) (concluding public defenders to not act under color of law within the meaning of § 1983).

As to Zavatsky and Gould, they may or may not be subject to suit under § 1983, given their role as administrators and not advocates. *Imbler v. Pachtman*, 424 U.S. 409, 430–431, and n. 33 (1976). However, the facts alleged by Crosby regarding these two fail to state a claim. He makes no specific allegations at all about Gould. And as to Zavatsky, he only alleges that Zavatsky failed to replace Bailey. That decision, in itself, is not a violation of Crosby's constitutional rights. In fact, in the letter attached to Crosby's Complaint, Zavatsky says that if Crosby really needs a new attorney, he should ask the presiding judge in his criminal case. (Doc. 2-1.) Zavatsky did not stand in the way of judicial action to replace Crosby's attorney. Crosby fails to state a claim against Zavatsky and Gould.

### B. Abstention

Even if Crosby could state a claim against defendants, the claim cannot be heard in federal court. There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger*

6

directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds, Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Federal courts may raise the issue of *Younger* abstention *sua sponte*. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998) (noting that the district and appellate courts can raise the issue *sua sponte*).

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

Here, the "threshold elements" of *Younger* are present. First, Crosby's allegations relate to ongoing criminal proceedings against him. State proceedings are criminal enforcement actions that implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing.

Crosby will have an adequate opportunity in the state district court to raise any issues he has regarding his federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. Crosby has opportunities under Montana law to address any alleged violations of his federal rights relative to his prosecution.

"*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding Crosby's ongoing state prosecution would have the effect of interfering with the "state courts' ability to enforce constitutional principles and put the federal court in the position of making a premature ruling on a matter of constitutional law."

*Gilbertson*, 381 F.3d at 984. To rule on Crosby's Complaint in these circumstances would impermissibly risk interfering with the State of Montana's administration of its judicial system.

If all four prongs of the *Younger* test are satisfied, then the Court must abstain from adjudicating Crosby's claims. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (*quoting Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). Crosby has not alleged an exceptional circumstance sufficient to avoid abstention.

The Court concludes that abstention is proper.

### III.  CONCLUSION

The Court has screened Crosby's Complaint and determined that it fails to state a claim and that the Court must abstain. Accordingly, it is HEREBY ORDERED:

1. Crosby's Complaint is DISMISSED. The Clerk of Court is directed to enter judgment in this matter according to Fed. R. Civ. P. 58.

2. The Clerk of Court is directed to have the docket reflect that the Court

certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 1st day of August, 2024.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court