IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHRISTOPHER BRIAN CROSBY, | Cause No. CV 24-95-BLG-DLC |
| Plaintiff, | |
| vs. | ORDER |
| YELLOWSTONE COUNTY ATTORNEY'S OFFICE, ARIELLE DEAN, JOSEPH ZAVATSKY, MANDI GOULD, and MEAGHAN BAILEY, | |
| Defendants. | |

On August 1, 2024, Plaintiff Christopher Brian Crosby's Complaint was dismissed because it failed to state a claim, and federal intervention was improper under *Younger v. Harris*, 401 U.S. 37, 45 (1971). Crosby has now sought to alter or amend the dismissal order under Fed. R. Civ. P. 60(b)(6). (Doc. 8.) The motion will be denied.

Fed. R. Civ. P. 60(b)(6) grants federal courts broad authority to relieve a party from a final judgment "upon such terms as are just," provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). Relief under Rule 60(b)(6) is

available only in "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017).

Crosby's motion does not make a showing of extraordinary circumstances. He asserts that his dismissed Complaint "may be generally characterized as alleging bad faith on the part of law enforcement," related to his prosecution in state court. (Doc. 8 at 2.) His current prosecutor and public defender, the defendants in his dismissed suit, are conspiring against him. Thus, his Complaint in this Court is an exception to the *Younger* doctrine, because an injunction of his prosecution is warranted to protect his rights. (Doc. 8 at 3.)

Crosby has remedies in the Montana courts for the allegations he asserts here, including in the court in which he is currently being prosecuted. Vague allegations of bad faith are insufficient for a federal court to stop a state prosecution, especially when the allegations are directed at parties who cannot be sued under 42 U.S.C. § 1983. He has not established that the presiding judge is incapable of protecting his federal rights, or that the Montana Supreme Court cannot intervene if necessary.

Accordingly, it is HEREBY ORDERED the Crosby's motion is DENIED.

DATED this 12th day of September, 2024.

_____
Dana L. Christensen, District Judge
United States District Court